```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
                                  :
THERESA YOUNG
                                  :
    v.                            :   Civil Action No. DKC 22-0241
                                  :
THE UNITED STATES OF AMERICA
                                  :
```

**MEMORANDUM OPINION**

Plaintiff Theresa Young filed this case, *pro se*, in the Circuit Court for Montgomery County on September 30, 2021, naming Captain Mary Seymour as the sole defendant and asserting claims arising from the decision to bar Plaintiff from a naval base in Bethesda, Maryland.  On February 1, 2022, the case was removed to this court by the United States of America on behalf of Capt. Seymour.  (ECF No. 1).

Thereafter, a flurry of activity ensued.  Plaintiff filed a Motion to Remand, (ECF No. 12), a Request to Amend, (ECF No. 19), and a second Request to Amend, (ECF No. 26), all of which remain pending.  The government filed a motion to substitute the United States of America for Capt. Seymour as defendant.  (ECF Nos. 4). Plaintiff filed a motion for leave to proceed *in forma pauperis*, which was granted.  (ECF No. 11, 16).  Plaintiff also filed a motion to appoint counsel, a motion for a 30-day response time, and two motions for judicial recusal.  (ECF Nos. 9, 20, 21, 25).

The government filed motions for extensions of time to file a responsive pleading, to respond to Plaintiff's motions, and to file the state court papers. (ECF Nos. 3, 23, 24). In a March 3, 2022, order, Plaintiff's motions for appointment of counsel, extended response time, and recusal were denied, and she was directed to file a supplement to her motion for leave to amend with a redlined proposed amended complaint. (ECF No. 27). Plaintiff did so on March 16, 2022. (ECF No. 30). The court also granted the government's motion to substitute the United States as defendant and motions for extensions of time. (ECF No. 27).

Plaintiff filed a Motion for Reconsideration of the March 3 order, including the denial of her motions and the substitution of the United States as defendant. (ECF No. 33). The government filed a Motion to Dismiss for Lack of Jurisdiction and Response in Opposition to Plaintiff's Motions to Remand and Amend the Complaint, (ECF No. 40), and Plaintiff filed a response to the government's motion. (ECF No. 49). Motions for extensions of time were filed by the government and Plaintiff. (ECF Nos. 36, 42). In addition, Plaintiff filed a "Motion to Compel" and a "Motion for Federal Rules of Civil Procedure Compliance." (ECF Nos. 45, 46).

While those motions were under consideration, Plaintiff noted an appeal on April 18, 2022, and the court stayed this case on April 27, 2022, while that appeal was pending. (ECF No. 48). On

September 12, 2022, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. (ECF No. 51). The mandate issued November 29, 2022. (ECF No. 54). Plaintiff filed a petition for writ of certiorari on December 10, 2022, and it was denied on February 23, 2023. (ECF Nos. 56, 57).

On June 23, 2022, Plaintiff filed a motion reporting that she had not received any papers since early-May 2022. (ECF No. 50). She requested a status report and moved to strike any motions or submissions by the United States that she had not received. As noted above, this case was stayed on April 27, 2022, because of Plaintiff's appeal. The only paper filed after the stay and before the judgment of the Fourth Circuit dismissing the appeal is Plaintiff's response to the government's motion to dismiss. (ECF No. 49). The court trusts that this memorandum opinion suffices to advise Plaintiff of the status and, given that the government did not file anything that was not sent to her, the motion will be otherwise denied as moot. For the following reasons, Plaintiff's other pending motions will also be denied, save for her motion for an extension of time, and Defendant's motions to dismiss and for an extension of time will be granted.

I. **Motion to Reconsider**

Plaintiff has moved for the court to reconsider the denial of her request for an automatic 30-day extension for each filing deadline, the denial of her motion for a court-appointed attorney,

3

the denial of her motion for judicial recusal, and the grant of defendant's motion to substitute the United States for Capt. Seymour as defendant.[1] (ECF No. 33). She also argues that the court improperly granted one of the government's motions for an extension of time before she had the opportunity to respond.

Motions to reconsider "may perform a valuable function" but are improper when asking the court "to rethink what the [c]ourt had already thought through—rightly or wrongly." *Potter v. Potter*, 199 F.R.D. 550, 552 (D.Md. 2001) (internal quotation marks omitted) (quoting *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)). Generally, courts "will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Villalta v. B.K. Trucking & Warehousing, LLC*, No. 07-CV-1184-DKC, 2008 WL 11366399, at *1 (D.Md. Aug. 19, 2008) (internal quotation marks omitted) (quoting *Akeva LLC v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 566 (M.D.N.C. 2005)). Because such situations rarely occur, motions to reconsider are rarely granted.

---

[1] She included in her motion a request that the government's attorney be "sanctioned through immediate removal for openly harassing the Plaintiff due to her disabilities," but she does not include any additional information about this alleged harassment. She also included a renewed request for leave to file an amended complaint.

4

See *Above the Belt, Inc.*, 99 F.R.D. at 101; *see also Potter*, 199 F.R.D. at 552-53.

None of those situations has occurred here. Plaintiff's arguments in her motion for reconsideration are largely a rehashing of the same arguments she made prior to the court's rulings. The other arguments she makes are difficult to understand and unpersuasive, and she identifies no changes in the law, additional evidence, or clear errors. As for her argument that the court granted the government's motion for an extension of time before she had an opportunity to respond, she has not now provided any reasons that the court should have denied that motion. Seeing no reason to reconsider the previous rulings, Plaintiff's motion to reconsider will be denied.

**II. Motion to Remand**

The government removed the case under 28 U.S.C. § 1442(a)(1), and it filed with its removal a certification executed by the United States Attorney for the District of Maryland that Capt. Seymour was acting within the scope of her federal employment with respect to the allegations in the complaint. (ECF No. 1-4). Section 1442 allows "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity," to remove to federal court a civil action against the officer "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). For such removal

5

to be proper, the defendant must be able to raise a "colorable federal defense." *See Mesa v. California*, 489 U.S. 121, 129 (1989).

Plaintiff argues that removal was improper because Capt. Seymour is not a "public official." (ECF No. 12). Plaintiff misunderstands the requirements of § 1442(a)(1). The statute requires that the defendant be an "officer" of the federal government, which simply means that the person was employed by the federal government and acting in that capacity at the time of the occurrence of the allegations in the complaint. *See, e.g.*, *Frost v. Stern*, 298 F.Supp. 778, 779 (D.S.C. 1969) (defamation case removed pursuant to § 1442(a)(1) where the two defendants were a United States Navy Captain and a cartoonist employed by the Navy). As supported by a certification by the United States Attorney, Capt. Seymour was acting under color of her office as a Captain of the United States Navy when she barred Plaintiff from the naval base, and the government has raised a colorable defense of sovereign immunity, as will be discussed in connection with the motion to dismiss. Accordingly, removal was proper, and Plaintiff's motion to remand will be denied.

**III. Motion to Dismiss**

The government moves to dismiss the complaint because the court lacks subject matter jurisdiction over the case. (ECF No. 40). The government argues that the complaint should be construed

as bringing a claim of defamation, which can only proceed against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671, *et seq.* (the "FTCA").

According to the complaint, Plaintiff has brought this suit "pursuant to Maryland state and common laws pertaining to libel, defamation[,] and slander," as well as under Title I of the Americans with Disabilities Act, Title VII of the Civil Rights Act, and "HIPAA." (ECF No. 1-3). This analysis focuses first on the state law claims, referred to together as Plaintiff's "defamation claims." *See Lake Shore Invs. v. Rite Aid Corp.*, 67 Md.App. 743, 752 (1986) ("Libel and slander are two branches of [the tort of defamation].").

Sovereign immunity bars suits against the United States, absent a congressional waiver. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) ("As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity."). The only possible waiver applicable to Plaintiff's defamation claims would be under the FTCA, which operates as a partial waiver of the federal government's sovereign immunity from tort claims. *See Pledger v. Lynch*, 5 F.4th 511, 515 (4th Cir. 2021). However, the waiver does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel*, *slander*, misrepresentation, deceit, or interference with contract rights."

7

28 U.S.C. § 2680(h) (emphasis added); *see also Talbert v. United States*, 932 F.2d 1064, 1066-67 (4th Cir. 1991) (holding that defamation claims also fall under the exception to the FTCA waiver when based on the communication of untrue statements, like libel and slander). Therefore, Plaintiff's defamation claims are barred by sovereign immunity, and the court lacks subject matter jurisdiction over those claims. *See Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) ("[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction.").[2]

Plaintiff's complaint also mentions Title I of the Americans with Disabilities Act ("ADA claim"), Title VII of the Civil Rights Act ("Title VII claim")[3] and "HIPAA," construed as the Health Insurance Portability and Accountability Act. However, it is unclear whether she references those statutes as background

---

[2] Because the FTCA's waiver of sovereign immunity expressly excludes Plaintiff's defamation claims, it is unnecessary to reach the government's argument that Plaintiff has failed to exhaust administrative remedies under the FTCA, which would also deprive the court of subject matter jurisdiction. *See Khatami v. Compton*, 844 F.Supp.2d 654, 663-64 (D.Md. 2012).

[3] The complaint refers to Title VII of the Civil Rights Act, apparently because it incorporates the ADA by reference in its anti-retaliation provision. 42 U.S.C. § 2000e-3; *see also* 42 U.S.C. § 12203(a).

information for her defamation claim or whether she seeks to bring separate claims under those statutes. Indeed, the complaint is titled "Libel, Defamation[,] and Slander Complaint," and the only "Claims for Relief" it lists are for libel, defamation, and slander. While courts are directed to construe *pro se* complaints liberally, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), there are not "expected to construct full blown claims from sentence fragments" or "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In any event, the complaint does not state a claim for relief under HIPAA or detail any allegations that could give rise to a HIPAA claim.[4] As for the ADA and Title VII claims, Plaintiff has made clear that she was not employed at the Naval Base, nor did she work under Capt. Seymour, at the time she received the debarment order. (ECF No. 12 at 5 (stating that "Plaintiff never worked for the 'command' of [Capt.] Seymour")). Although not clear from the complaint, it appears that Plaintiff previously worked for the "USUHS," or Uniformed Services University of the Health Sciences, a federal agency within the Department of Defense that operates on the naval base. However, she had stopped working there two months prior to receiving the debarment order.

---

[4] Additionally, there is no private right of action under HIPAA. *See Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021).

As written, the complaint does not state a claim of employment discrimination under either Title VII or the ADA, as it does not name Plaintiff's employer as a defendant. Additionally, the complaint does not contain the essential elements of an employment discrimination claim. The complaint states that Plaintiff was "retaliated against by the defendant for reporting retaliatory events against her through several protected channels including internal security, hr reports/complaints, as well as via civilian police restraining order[.]" Setting aside the fact that the "defendant" is not Plaintiff's employer, she has not explained how those "reports" she made were protected activities—i.e. whether they were reports of discrimination based on her disability—nor has she explained how her debarment from the naval base was causally connected to her protected activity. *See Rhoads v. FDIC*, 257 F.3d 373, 392 (4th Cir. 2001).

As the government notes, Plaintiff brought a separate employment discrimination case against the Department of Defense, which was pending before this court but ultimately dismissed with prejudice for failure to state a claim. *See Young v. Austin*, No. 21-CV-880-RDB, 2021 WL 4820535, at *1 (D.Md. Oct. 14, 2021), *reconsideration denied*, No. 21-CV-880-RDB, 2022 WL 684142 (D.Md. Mar. 8, 2022), *aff'd*, No. 22-1254, 2022 WL 4129101 (4th Cir. Sept. 12, 2022). That case contained a retaliation claim stemming from

Plaintiff's employment at the USUHS, but it did not include her debarment from the naval base.

It appears that Plaintiff's references to allegations of retaliation in this case were meant to serve only as background for her defamation claims. Plaintiff's defamation claims must be dismissed with prejudice for lack of subject matter jurisdiction, and Defendant's motion to dismiss will be granted. Out of an abundance of caution, the remainder of her complaint will be dismissed without prejudice.

**IV. Motion for Leave to Amend**

Plaintiff has moved twice for leave to amend her complaint and has provided three proposed amended complaints, each of which contains substantially the same amendments. (ECF Nos. 19, 26, 30). The most substantial amendment Plaintiff proposes is an addition of the Secretary of the Department of the Navy as a defendant. Plaintiff explained in her motion for reconsideration that this was "due to *Respondeat Superior*." (ECF No. 33 at 2). She also seeks to amend the complaint to add many of the same arguments she made in her motion to remand about Capt. Seymour not being a "public official." Embedded in these arguments are allegations that (1) "Defendants knowingly interfered with and/or blocked investigations which are federal violations of 29 U.S.C.A. § 2615 and U.S. Constitution Amendments, 1, 5; 28 U.S.C.A. §§ 1331, 1349; 42 U.S.C.A. § 1983," (2) "Defendants knowingly subjected the

11

Plaintiff to implicit bias rooted in Title VII discrimination," and (3) "Defendants knowingly, willfully, and with intentional malice obstructed the Plaintiff's due process by issuing the defamatory and libelous statements . . . to knowingly obstruct and prevent an internal EO investigation and the scheduling of a mediation." (ECF No. 30 at 2-3). Additionally, she proposes to add a statement that Plaintiff has never worked with, worked for, met, or talked to the Department of the Navy defendants. (ECF No. 30 at 7).

Although Federal Rule of Civil Procedure 15 provides that a "court should freely give leave [to amend] when justice so requires," courts "may deny leave if amending the complaint would be futile—that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007)).

None of the amendments Plaintiff has proposed would remedy the defects previously discussed. Under either version of the complaint, the government is entitled to sovereign immunity from the defamation claims. As for any potential employment discrimination claims Plaintiff seeks to bring, the addition of the Secretary of the Navy would not solve the problem of Plaintiff's employer not being a defendant because, as Plaintiff

12

confirms in her proposed amendments, Plaintiff did not work for the Department of the Navy. As in Plaintiff's separate employment discrimination case, the proper defendant for any potential employment discrimination claim by Plaintiff would be the Secretary of Defense. *See Young v. Austin*, No. 21-CV-880-RDB, 2021 WL 4820535, at *1 (D.Md. Oct. 14, 2021). Additionally, the amendments do not contain any of the missing essential elements of a retaliation claim, as previously discussed. Plaintiff's references to "blocked investigations" are difficult to decipher, and it is unclear to what the "investigations" pertained. In short, the complaint as amended would still fail to state any viable claims for relief, so Plaintiff's motions for leave to amend will be denied.

**V. Other Motions**

Plaintiff filed a "Motion to Compel" and a "Motion for Federal Rules of Civil Procedure Compliance." (ECF Nos. 45, 46). In the "Motion to Compel," Plaintiff requests that the court "grant[] leave for [Plaintiff] to have evidence disclosed to her from the defense." Similarly, in the "Motion for Federal Rules of Civil Procedure Compliance," Plaintiff requests that a "formal case schedule" pursuant to Rule 26(f) be created and that the case be set for a jury trial. She also requests that the government's

13

motion to dismiss be stricken from the record as an "insufficient" response to the complaint.

Under Federal Rule of Civil Procedure 12, a defendant may respond to a complaint by filing a motion to dismiss, as the government did here. *See* Fed.R.Civ.P. 12(a)(4), (b) ("A motion asserting [lack of subject-matter jurisdiction] must be made before pleading if a responsive pleading is allowed."). Rule 26 provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed.R.Civ.P. 26(d)(1). The deadline for parties to hold a Rule 26(f) conference is not set until the court orders a scheduling conference or sets a deadline for a scheduling order pursuant to Federal Rule of Civil Procedure 16(b). *See* Fed.R.Civ.P. 26(f)(1). At the time of Plaintiff's motions, the government's motion to dismiss was still pending, meaning that the pleadings were not yet closed. Thus, a scheduling conference had not been ordered, and it would have been premature for the parties to hold a Rule 26(f) conference. *See, e.g., Sara Lee Corp. v. Gregg*, No. 1:02CV195, 2003 WL 23120116, at *2 (M.D.N.C. Dec. 18, 2003); *Sakalosh v. BMW Mfg. Co., LLC*, No. CV 7:20-4306-TMC-KFM, 2021 WL 5911216, at *2 (D.S.C. July 6, 2021); *Williams v. Pegasus Residential, LLC*, No. 1:18CV1030, 2019 WL 8586707, at *1 (M.D.N.C. May 3, 2019).

Now, the government's motion to dismiss has been granted, and the case will not proceed to discovery or trial. Accordingly,

Plaintiff's motions regarding discovery and scheduling are moot, and they will be denied as such.

Both parties also filed motions for extensions of time—the government sought an extension of time to respond to Plaintiff's motions for leave to amend and to remand, and Plaintiff sought an extension of time to respond to the government's motion to dismiss. (ECF Nos. 36, 42). There is no reason to believe that either party has been prejudiced by the other's use of extra time to file their respective responses, especially in light of the large number of papers filed in a short period of time in this case. Both motions will be granted.

Plaintiff attached to her motion a document in which she describes life events that, according to her, caused her to need additional time to file her response. She has moved to file that document under seal. Because the document contains private information about Plaintiff's personal life that is only relevant to her motion for an extension of time, there is no viable alternative to sealing, and there has been no opposition to sealing the document, the motion to seal will also be granted.

**VI. Conclusion**

For the foregoing reasons, Plaintiff's motion to reconsider, motion to remand, motions for leave to amend, "Motion to Compel," "Motion for Federal Rules of Civil Procedure Compliance," and "Motion Regarding Non-Receipt of Court Docs" will be denied, and

15

her motion for an extension of time and to seal will be granted. The government's motion to dismiss will be granted, and Plaintiff's defamation claims will be dismissed with prejudice while the rest of her complaint will be dismissed without prejudice. The government's motion for an extension of time will also be granted. A separate order will follow.

                                                          /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge