IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THERESA YOUNG                         :

    v.                                :   Civil Action No. DKC 22-0241

THE UNITED STATES OF AMERICA          :

**MEMORANDUM OPINION AND ORDER**

On March 16, 2023, the court issued a memorandum opinion and order granting Defendant's motion to dismiss and dismissing all of Plaintiff's claims. (ECF Nos. 58, 59). On April 5, 2023, Plaintiff Theresa Young filed a motion for reconsideration, which is presently pending. (ECF No. 60).

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice." *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (internal quotation marks omitted). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence

that could have been raised prior to the entry of judgment." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding."  *Id.* (internal quotation marks omitted).  "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Id.* (internal quotation marks omitted).

Plaintiff argues that, contrary to the court's prior opinion, she *did* sufficiently state a claim for defamation, and she adds additional facts and arguments as to why her claim has merit.  Plaintiff's motion does not state a proper ground for reconsideration under Rule 59(e).  The court will not rehash the same arguments considered and rejected by the court in deciding the motion to dismiss, nor will it consider new arguments or facts that Plaintiff could have raised previously.  Thus, Plaintiff's motion for reconsideration will be denied.

Plaintiff titled her motion "Reconsideration and Appeal Request of Decision/Order."  Should Plaintiff seek to appeal the dismissal of her claims, Federal Rule of Appellate Procedure 4 provides that she must file a notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from."  Because Plaintiff filed a motion for reconsideration under

2

Rule 59, that time period runs from the entry of this order disposing of that motion.  Fed.R.App.P. 4(a)(4)(A).

Accordingly, it is this 6th day of April, 2023, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for reconsideration filed by Plaintiff (ECF No. 60) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to Plaintiff and counsel for Defendant.

                               /s/
                    DEBORAH K. CHASANOW
                    United States District Judge